UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-09187 PA (AFMx) | Date | December 19, 2019 |
|---|---|---|---|
| Title | Juan Garibay v. Angela N. Rodriguez et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Summary Judgment filed by plaintiff Juan Garibay ("Plaintiff"). (Docket No. 57 ("Motion").) Defendants Angela N. Rodriguez and Mi Pueblito, Inc. ("Defendants") have not filed an Opposition. On December 19, 2019, Defendants filed a Motion to Continue the Hearing on the Motion for Summary Judgment for 60 days. (Docket No. 59.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for December 23, 2019 is vacated and the matter taken off calendar.

For the reasons discussed below, Plaintiff's Motion for Summary Judgment is denied. Defendant's Motion to Continue the Hearing on the Motion for Summary Judgment is denied as moot.

**I.   Background**

Plaintiff suffered a T-12 spinal cord injury and now cannot walk. (Mot. at 5.) He uses a wheelchair for mobility. (Id.) On October 7, 2018, Plaintiff visited the Mi Pueblito Mexican Restaurant ("Restaurant") to eat lunch. (Id. at 6.) Defendant Angela N. Rodriguez owns the real property where the Restaurant is located at 12824 Van Nuys Blvd., Pacoima, California. (Id. at 5.) The Restaurant is a business establishment and place of public accommodation. (Id.) When Plaintiff arrived at the Restaurant, he found one parking space marked and reserved for persons with disabilities. (Id. at 6.) The parking stall and access aisle had uneven slopes, "which ma[de] movement difficult and unsafe for [Plaintiff] with his wheelchair." (Id.) In addition, Plaintiff found there were "inaccessible slopes leading to the [Restaurant] entrance." (Id.) Plaintiff experienced difficulty, discomfort, and frustration during his visit. (Id.) Plaintiff intends to return to the Restaurant once it has been made accessible to persons with disabilities because he often visits family members in the city of Pacoima. (Id. at 9.) On October 22, 2018, Plaintiff's investigator performed a site inspection of the Restaurant and took measurements of the cross-slopes of the parking space, access aisle, and pathway to the Restaurant entrance. (See Docket No. 57-8 ¶¶6-8.) On August 8, 2019, Plaintiff's expert performed a site inspection of the Restaurant and found that the designated accessible parking space had been moved to a different area of the parking lot. (Docket No. 57-10 ¶9.) Plaintiff's expert also took measurements of the cross-slopes of the new parking space, access aisle, and the pathway to the Restaurant entrance. (Id. at ¶¶11, 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-09187 PA (AFMx) | Date | December 19, 2019 |
|---|---|---|---|
| Title | Juan Garibay v. Angela N. Rodriguez et al. | | |

Plaintiff filed his complaint on October 26, 2018. Plaintiff filed a First Amended Complaint on December 4, 2018. (Docket No. 13.) Plaintiff raised two claims for relief: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§51-53. Defendants filed an Answer to the First Amended Complaint on January 4, 2019. (Docket No. 15.) On August 27, 2019, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismissed this claim without prejudice. (Docket No. 43.) Plaintiff has now filed a Motion for Summary Judgment on his remaining ADA claim. Plaintiff seeks an order requiring Defendant to provide and maintain accessible parking and path of travel leading to the Restaurant entrance. Defendants have not filed any opposition, and the time to do so has passed. See L.R. 7-9.

### II.     Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); see Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325. On a motion for summary judgment, the facts are construed "in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(c). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252). Otherwise, summary judgment shall be entered.

### III.    Discussion

Plaintiff moves for summary judgment on his ADA claim, seeking a ruling that his rights were violated under the ADA and injunctive relief "enjoining Defendants to fix and maintain the accessible parking and path of travel in accordance with the ADA." (Mot. at 5.) For the reasons discussed below, the Court finds there is a triable issue of fact regarding whether removal of the Restaurant's architectural barriers is readily achievable. The Court therefore denies Plaintiff's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-09187 PA (AFMx) | Date | December 19, 2019 |
|---|---|---|---|
| Title | Juan Garibay v. Angela N. Rodriguez et al. | | |

### A. Defendants' Failure to File an Opposition

As of today's date, Defendants have not filed an Opposition to the Motion for Summary Judgment. Under Local Rule 7-12, "[t]he failure to file any required document . . . may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F. R. Civ. P. 56 may not be granted solely based on the failure to file an opposition." Therefore, although Defendants did not oppose Plaintiff's motion, the Court will not grant the motion solely for that reason. This is consistent with the Ninth Circuit's precedent in Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995). Id. at 725 ("[W]e have held that a motion for summary judgment cannot be granted simply because the opposing party violated a local rule.") (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993)). Instead, the Court must analyze the record to determine if any genuine issue of material fact exists.

### B. The Merits of Plaintiff's ADA Claim

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010) (citing Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007)). A plaintiff may satisfy the third element by establishing that the defendant failed to remove an architectural barrier that prevented the plaintiff's access. 42 U.S.C. § 12182(b)(2)(A)(iv). In such a case, the Plaintiff must prove that (1) the facility presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable. See id.; Shedlin v. Balagot, No. CV14-3664-CAS(JEMx), 2016 WL 1128478, at *5 (C.D. Cal. Feb. 23, 2016). The Department of Justice's ADA Accessibility Guidelines ("ADAAG") "provide the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations. Therefore, if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." Lozano v. C.A. Martinez Family Ltd. P'ship, 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945, 947 (9th Cir. 2011)) (quotations omitted).

Plaintiff has established three elements of his ADA claims. First, Plaintiff has established that he is disabled within the meaning of the ADA. See 42 U.S.C. § 12101(1)(A); Lozano, 129 F. Supp. 3d at 972. Plaintiff submitted a declaration stating, "I suffer from a T-12 spinal cord injury. I cannot walk. I use a wheelchair for mobility." (Docket No. 57-5 ¶2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-09187 PA (AFMx) | Date | December 19, 2019 |
|---|---|---|---|
| Title | Juan Garibay v. Angela N. Rodriguez et al. | | |

Second, Plaintiff has established that Defendant owns a place of public accommodation. The Mi Pueblito Mexican Restaurant is a service establishment that qualifies as a place of public accommodation under the ADA. See 42 U.S.C. § 12181(7)(B). Defendant Angela Rodriguez may be held liable under the ADA because she owns, and at all relevant times owned, the real property on which the Restaurant is located. (Mot. at 12-13.)

Third, Plaintiff has established that the Restaurant has architectural barriers prohibited under the ADA. "Under both the 1991 and 2010 ADAAG standards, any business that provides parking spaces must provide handicap parking spaces conforming to the Guidelines' specifications." Lozano, 129 F. Supp. 3d at 972 (citing 28 C.F.R. pt. 36, app. D, § 4.1.2(5); 36 C.F.R. pt. 1191, app. C, § 208). Although Plaintiff has not established in his Motion when the Restaurant was constructed—which would impact which version of the ADAAG applies—he has established violations under both the original (1991) and revised (2010) ADAAG. Under the 1991 standards, access aisles, parking spaces, and accessible routes may not have a cross-slope exceeding 1:50 (2% grade). See 28 C.F.R. pt. 36, app. D, §§ 4.3.7, 4.6.3; see also Curtis v. Home Depot U.S.A., Inc., 2015 WL 351437, at *7 (E.D. Cal. Jan. 23, 2015). Under the 2010 standards, "[a]ccess aisles shall be at the same level as the parking spaces they serve" and "[c]hanges in level are not permitted," except that "[s]lopes not steeper than 1:48 [2.083% grade] shall be permitted." 36 C.F.R. pt. 1191, app. D, § 502.4. And "cross-slopes on an accessible route cannot exceed 1:48, or 2.08%." Curtis, 2015 WL 351437, at *7 (citing 2010 ADAAG § 403.3). Here, Plaintiff's expert has declared under penalty of perjury that on August 8, 2019 he inspected the Restaurant parking and path of travel leading to the entrance. (Docket No. 57-10 ¶7.) He "measured the slopes within the parking space and access aisle and found them to be more than 2.08% in all directions in a few locations." (Id. at ¶11.) He also declared that the path of travel from the accessible parking space to the customer entrance had cross-slopes ranging from 5.7% to 6.7%. (Docket No. 57-10 ¶13.) The path of travel "continued on to a concrete walkway with a 3.4% cross slope, which is very similar to the measurement [that] [Plaintiff's] investigator . . . observed in a similar area during his inspection." (Id.) Based on this evidence, the cross-slopes of the parking space, access route, and pathway to the Restaurant's entrance constitute an architectural barrier that violates the ADA.

Plaintiff also argues that the accessible parking space does not comply with several California Building Code ("CBC") requirements. However, district courts throughout this Circuit have concluded that "CBC requirements are not mandatory, and failure to comply with them does not amount to a violation of the ADA." Johnson v. Siu Keung Chan, 2019 U.S. Dist. LEXIS 98842, at *11 (E.D. Cal. June 11, 2019) (collecting cases); see also Johnson v. Sweet Spark, Inc., 2019 U.S. Dist. LEXIS 184485, at *4 (E.D. Cal. Oct. 23, 2019) ("[F]ailing to comply with the CBC standards does not establish a violation of the ADA. Therefore, these allegations are immaterial to resolving whether plaintiff is entitled to summary judgment on his ADA claim."). The Court therefore declines to address Plaintiff's CBC-related arguments.

Finally, the Court finds there is a triable issue of fact as to whether removal of the Restaurant's architectural barriers is readily achievable. Under Title III of the ADA, discrimination includes "a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-09187 PA (AFMx) | Date | December 19, 2019 |
|---|---|---|---|
| Title | Juan Garibay v. Angela N. Rodriguez et al. | | |

failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(iv). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Whether an action is readily achievable is determined considering factors such as the nature and cost of the action as well as the size, resources, and impact on operations of the defendant, among other things. See id. "Clearly, this is not a bright line rule, but rather involves a "fact intensive inquiry that will rarely be decided on summary judgment." Wilson v. Pier 1 Imports (US), Inc., 439 F. Supp. 2d 1054, 1067 (E.D. Cal. 2006) (quoting White v. Divine Invs., Inc., 2005 WL 2491543, at *6 (E.D. Cal. Oct. 7, 2005))).

Although the Ninth Circuit has not yet decided which party has the burden of proving that removal of an architectural barrier is readily achievable, various district courts have applied a burden-shifting framework adopted by the Tenth Circuit in Colorado Cross Disability Coal. v. Hermanson Family, Ltd., 264 F.3d 999 (10th Cir. 2001). See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014). Under the Tenth Circuit's framework, "Plaintiff must initially introduce evidence tending to establish that the proposed method of architectural barrier removal is "readily achievable," i.e., "easily accomplishable and able to be carried out without much difficulty or expense" under the particular circumstances." Colorado Cross Disability Coal., 264 F.3d at 1007 (quoting 42 U.S.C. § 12189(9)). "Only if Plaintiff satisfies this initial burden does the burden of persuasion shift to Defendant to prove that the requested barrier removal method is not readily achievable." Id.

Here, Plaintiff states in a conclusory manner that "[t]here is no question as to whether removal of this barrier was and is readily achievable. A cursory review of the Code of Federal Regulations indicates that these types of action, i.e., creating accessible parking spaces, is an action identified as likely readily achievable barrier removal." (Mot. at 18 (citing 28 C.F.R. § 36.304(b)(3), (18)).) But Plaintiff makes no factual showing regarding the method or cost of removal. Nor does Plaintiff discuss how removal of the architectural barriers will impact the continued operation of the Restaurant. Essentially, Plaintiff has failed to present factual evidence or arguments that address the factors laid out in 42 U.S.C. § 12181(9). Compare Hernandez v. Polanco Enterprises, Inc., 19 F. Supp. 3d 918, 934-35 (N.D. Cal. 2013) (finding that "a triable issue of fact remains as to whether making the route ADA-compliant is readily achievable" in part because "[t]he evidence now before the Court does not sufficiently address the factors identified in Section 12181(9)"). For these reasons, the Court finds there is a triable issue of fact regarding whether removal of the Restaurant's architectural barriers is readily achievable.

## Conclusion

Plaintiff's Motion for Summary Judgment is denied. Defendant's Motion to Continue the Hearing on the Motion for Summary Judgment is denied as moot.

IT IS SO ORDERED.