UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9187 PA (AFMx) | Date | January 28, 2020 |
|---|---|---|---|
| Title | Juan Garibay v. Angela N. Rodriguez et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**       **IN CHAMBERS - ORDER TO SHOW CAUSE**

    On March 5, 2019, defendants filed an Answer to the First Amended Complaint that included a demand for a jury trial. (Docket No. 23.) On May 15, 2019 the court issued a Schedule of Trial and Pretrial Dates and set a jury trial for March 3, 2020. (Docket No. 36.) On August 7, 2019, the Court ordered plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over plaintiff's Unruh Act claim and any other state law claim asserted in the First Amended Complaint. (Docket No. 40 (citing 28 U.S.C. § 1367(c)).) Plaintiff filed a Response on August 21, 2019. (Docket No. 42.) The Court then issued an Order on August 27, 2019 declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claim and any other construction-related accessibility claim. (Docket No. 43.) The Court dismissed any such claims without prejudice. (Id.) Plaintiff's only remaining claim in this action is for violation of the Americans with Disabilities Act of 1990 ("ADA"). (Docket No. 13.)

    Because the Court declined to exercise supplemental jurisdiction over plaintiff's state law claims, only equitable issues remain, and there is therefore no right to a jury trial. See Fed. R. Civ. P. 39; Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S. Ct. 948, 953, 3 L. Ed. 2d 988 (1959); see also Sharer v. Oregon, CV 04-1960 BR, 2007 WL 3348265, at *2-3 (D. Or. Nov. 6, 2007) (concluding that plaintiff had no right to a jury trial when the only remaining claim was for injunctive relief under the ADA). Accordingly, this case will now proceed to a bench trial on March 3, 2020. The parties shall refer to the Court's Civil Trial Scheduling Order (Docket No. 37) for the deadlines to file their Findings of Fact and Conclusions of Law, and their respective Responses.

    IT IS SO ORDERED.